UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

J.R.S.B.,

    Petitioner,

       v.                              CAUSE NO. 3:26-CV-478-CCB-SJF

SAMUEL OLSON, et al.,

    Respondents.

## <u>ORDER</u>

In a prior order, the court conditionally granted the petition for a writ of habeas corpus under 28 U.S.C. § 2241 and ordered the respondents to release the petitioner if he was not provided with an individualized bond hearing on or before June 3, 2026. (ECF 20.) Respondents notified the court that the petitioner had a bond hearing before an immigration judge on June 3, 2026. (ECF 24.)

The petitioner, by counsel, filed an "Emergency Motion to Enforce Judgment" (ECF 25), asserting that the immigration judge improperly denied him bond at the hearing. He takes issue with the immigration judge's finding that he poses a flight risk, and argues that the judge erred in a variety of ways, including failing to provide him proper notice of the hearing and ignoring favorable evidence. He asks the court to override the immigration judge's bond determination and order his immediate release.

If J.R.S.B. believes his bond hearing was conducted in a manner that violated the law, he is free to file a new habeas petition after exhausting his available administrative

remedies.[1] *See* 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3) (providing for appeal of bond determinations to the Board of Immigration Appeals); *see also Z.G. v. Olson*, ___F. Supp.3d___, 2026 WL 1279081, at *2-4 (N.D. Ind. May 11, 2026) (requiring exhaustion of administrative remedies in context of immigration bond determination). The issue presented by this case was whether J.R.S.B. was subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and that issue has been resolved in his favor. (*See* ECF 20.) The court declines to order any additional relief in this case.

For these reasons, the court **DENIES** any relief requested in the petitioner's "Emergency Motion to Enforce Judgment" (ECF 25) and **DIRECTS** the clerk to enter judgment consistent with the court's order and to close this case.

SO ORDERED on June 8, 2026.

   /s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Notably, 8 U.S.C. § 1226(e) prevents the court from reviewing the Attorney General's discretionary decision to deny bond in a particular case. *Parra v. Perryman*, 172 F.3d 954, 957 (7th Cir. 1999). However, certain types of legal challenges remain viable. *See Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018); *Demore v. Kim*, 538 U.S. 510, 517 (2003). Unless and until J.R.S.B. exhausts his administrative remedies and files a new habeas petition, it would be premature to consider whether his arguments about the bond hearing fall within this exception.